UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on October 31, 2003

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| **ALFREDO MANUEL DE** | : | |
| **VENGOECHEA-MENDEZ** | : | |
| a.k.a. "El Patron" | : | |
| a.k.a. "Feyo" | : | VIOLATIONS: |
| | : | |
| **ALVARO ANTONIO** | : | 21 U.S.C. §§ 959, 960, and 963 |
| **PADILLA-MELENDEZ** | : | (Conspiracy to Distribute Five Kilograms |
| a.k.a. "El Topo" | : | or More of Cocaine Intending and Knowing |
| | : | that the Cocaine Will Be Unlawfully |
| **MARLON GUERRERO-ROMAN** | : | Imported Into the United States) |
| | : | |
| **JOSE RICARDO MARTINEZ-** | : | 21 U.S.C. § 959 |
| **RUBIANO** | : | (Distribution of Five Kilograms or |
| a.k.a. "Marquitos" | : | More of Cocaine Intending and Knowing |
| | : | that the Cocaine Will Be Unlawfully |
| **RAFAEL EDUARDO RUIZ-ALVEAR** | : | Imported Into the United States) |
| a.k.a. "Rafael" | : | |
| | : | 18 U.S.C. § 2 |
| **LUIS ANTONIO VALENZUELA-** | : | (Aiding and Abetting) |
| **SIERRA** | : | |
| a.k.a. "Lucho" | : | 21 U.S.C. § 853 |
| a.k.a. "Mi Tonto" | : | 21 U.S.C. § 970 |
| | : | (Forfeiture) |
| **EBLIN RAFAEL RAMIREZ-DIAZ** | : | |
| a.k.a. "Rafa" | : | |
| | : | |
| **Defendants.** | : | |

**INDICTMENT**

The Grand Jury Charges That:

**COUNT ONE**

From in or about sometime in October 28, 2004, the exact date being unknown to the Grand Jury, and continuing thereafter, up to and including the date of the filing of this Indictment, in Colombia, and elsewhere, the defendants, **ALFREDO MANUEL DE VENGOECHEA-MENDEZ a.k.a. "El Patron"a.k.a. "Feyo," ALVARO ANTONIO PADILLA-MELENDEZ a.k.a. "El Topo," MARLON GUERRERO-ROMAN, JOSE RICARDO MARTINEZ-RUBIANO a.k.a. "Marquitos," RAFAEL EDUARDO RUIZ-ALVEAR a.k.a. "Rafael," LUIS ANTONIO VALENZUELA-SIERRA** a.k.a. **"Lucho," a.k.a. "Mi Tonto," EBLIN RAFAEL RAMIREZ-DIAZ a.k.a. "Rafa"** and unindicted co-conspirators did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together with each other and with other persons known and unknown to the Grand Jury to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959 and 960.

> (**Conspiracy to Manufacture and Distribute Five Kilograms or More of Cocaine Intending and Knowing that the Cocaine Will Be Unlawfully Imported Into the United States**, in violation of Title 21, United States Code, Sections 959, 960 and 963 and **Aiding and Abetting**, in violation of Title 18, United States Code, Section 2)

## COUNT TWO

On or about April 16, 2005, in Colombia and elsewhere, the defendants **ALFREDO MANUEL DE VENGOECHEA-MENDEZ a.k.a. "El Patron"a.k.a. "Feyo," ALVARO ANTONIO PADILLA-MELENDEZ a.k.a. "El Topo," JOSE RICARDO MARTINEZ-RUBIANO a.k.a. "Marquitos," RAFAEL EDUARDO RUIZ-ALVEAR a.k.a. "Rafael,"**

**LUIS ANTONIO VALENZUELA-SIERRA a.k.a. "Lucho",a.k.a. "Mi Tonto," EBLIN**

**RAFAEL RAMIREZ-DIAZ a.k.a. "Rafa"** did unlawfully, knowingly, and intentionally

distribute and cause the distribution of five (5) kilograms or more of a mixture or substance

containing a detectable amount of cocaine, a Schedule II controlled substance, intending and

knowing that such cocaine would be unlawfully imported into the United States.

> (**Distributing Five (5) Kilograms or More of Cocaine Intending and Knowing that the Cocaine Will Be Unlawfully Imported Into the United States**, in violation of Title 21, United States Code, Section 959, and **Aiding and Abetting**, in violation of Title 18, United States Code, Section 2)

## FORFEITURE ALLEGATION

A.   The violations alleged in Counts One and Twoare re-alleged and incorporated by

reference herein.

B.   As a result of the offenses alleged in Counts One and Two the defendants named in

these offenses shall forfeit to the United States, pursuant to Title 21, United States Code,

Sections 853 and 970, any respective right, title or interest which such defendants may have in

(1) any and all money and/or property constituting, or derived from, any proceeds which such

defendants obtained, directly or indirectly, as the result of the violations alleged in this

Indictment; and (2) any and all property used, in any manner or part, to commit, or to facilitate

the commission of, the violations alleged in this Indictment.

C.   If any of the forfeitable property described in paragraph B above, as a result of any

act or omission of the defendant –

> (a) cannot be located upon the exercise of due diligence;

> (b) has been transferred or sold to, or deposited with, a third party;

3

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without

difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section

853(p), to seek forfeiture of any other property of the defendants up to the value of the property

described in paragraph B above.

(**Criminal Forfeiture**, in violation of Title 21, United States Code, Sections 853 and
970)

A TRUE BILL:

_____

FOREPERSON

_____

PATRICK H. HEARN and
MICHAEL MOTA
Trial Attorneys
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530
Bond Building