UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.  CR NO. 05-341 (JMF)

LUIS ANTONIO VALENZUELA-SIERRA,

    Defendant.

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

The defendant in this case was extradited from Colombia and obviously has no roots in the community. See United States v. Townsend, 897 F.2d 989, 996 (9th Cir. 1990). Additionally, to speak of his release is academic; I am informed by the government that the United States Immigration and Customs Enforcement ("ICE") has filled a detainer. The filing of the detainer by itself does not activate a due process right to an immediate hearing. Moody v. Daggett, 429 U.S. 78, 86-87 & n.9 (1976). Secondly, the defendant cannot claim any statutory "right" to demand that ICE execute the detainer and take him into custody prior to the conclusion of this criminal case. Ganem v. Gluch, 1989 WL 47439 at *1 (E.D. Mich. Apr. 18, 1989) (quoting Gonzalez v. U.S. Immigration and Naturalization Serv., 867 F.2d 1108 (8th Cir. 1989)). Thus,

even if the defendant were to post whatever bail was set, he could not compel ICE to bring him before immigration judges to set bail. Setting bail in this criminal case serves no purpose that I can see.

Furthermore, even if setting bail were a useful exercise, the factors required to be considered by 18 U.S.C. section 3142 compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community. The defendant is named in a four-count indictment for: (1) conspiracy to manufacture and distribute hundreds if kilograms of cocaine, intending and knowing that the cocaine would be unlawfully imported into the United States; (2) distribution of hundreds of kilgrams of cocaine intending and knowing that the cocaine will be unlawfully imported into the United States; (3) aiding and abetting; and (4) forfeiture. The defendant has been charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) and is thus eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(c).

Several factors in the detention statute favor the government's argument for detention. The nature and the circumstances of the offense are compelling. 18 U.S.C. § 3142(g)(1). In addition, the weight of the evidence against the defendant is substantial. 18 U.S.C. § 3142(g)(2). The charges in this case arise from evidence obtained during an investigation which revealed that Valenzuela-Sierra is a member of a cocaine trafficking and transportation organization. The organization operates in and around the north coast of Colombia, transporting large amounts of

cocaine from laboratories in the Sierra Nevada Mountains of northern Colombia to the coastal areas of northern Colombia, then to Central America and Mexico, eventually destined for the United States. The evidence against Valenzuela-Sierra consists of seizures of cocaine, surveillance, Colombian court-authorized intercepted telephone conversations in Colombia, and cooperating government witnesses. The evidence from the investigation shows that Valenzuela-Sierra coordinated the logistics of transporting hundreds of kilograms of cocaine to the United States using "go-fast" boats, including arranging transportation, supplying the boats with food and water, and securing a crew for shipment. Furthermore, the defendant is a Colombian citizen with no known ties to the United States. 18 U.S.C. § 3142(g)(3)(A). As the defendant was extradited, he did not surrender to the United States or United States government voluntarily and his personal characteristics suggest a serious risk exists that the defendant will flee. 18 U.S.C. § 3142(f)(1)(A). In similar situations, several courts have ordered pretrial detention of foreign defendants with no connection to the United States. See United States v. Vargas, 804 F2d 157 (1st Cir. 1986); United States v. Geerts, 629 F. Supp. 830 (E.D. Pa. 1985). Finally, the defendant constitutes a clear and present danger to the community. Drug traffickers, particularly those in positions of authority, are likely to continue engaging in drug-related activities if released on bail and thus constitute a danger to the community. United States v. Creekmore, 1997 WL 732435 (D.D.C. Sept. 25, 1997).

    A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. Because immigration officials have filed a detainer for the defendant and because the defendant proffered nothing to rebut the presumption of dangerousness created by the Bail Reform Act, I find by clear and convincing evidence that there are no conditions or

combination of conditions I could set which would reasonably assure the safety of the community or the appearance of the defendant at trial.  See 18 U.S.C. § 3142(e) .  I will, therefore, order the defendant detained without bond pending trial.

                                                  _____
                                                  **JOHN M. FACCIOLA**
                                                  **UNITED STATES MAGISTRATE JUDGE**

**October 2, 2006**