UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. Case No.: 05-341 (RMU) |
| LUIS VALENZUELA-SIERRA | |

### DEFENDANT VALENZUELA-SIERRA'S OPPOSITION TO THE GOVERNMENT'S MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT & DECLARE CASE COMPLEX

**COMES NOW DEFENDANT, Luis Valenzuela-Sierra,** through undersigned counsel, and submits this opposition to the government's motion to exclude time under the Speedy Trial Act and declare the case complex. *See* ECF Doc. 17-I.

This response is filed consistent with the Court's October 11, 2006 order which allows opposing pleadings until no later than November 2, 2006, 7:00 a.m.. *See* ECF Doc. 18. *See also.* LCrR 47(b), and this Court's "Standing Order For Criminal Cases."

### Concise Argument – LCrR 47(a)

Mr. Valenzuela-Sierra opposes the government request to declare the case complex and toll the Speedy Trial Act clock. The defendant has already been incarcerated for more than 13-months pending extradition and now pending trial, further delay is unwarranted in light of the insufficient information provided in the government's motion.

### Background & Timeline

Mr. Valenzuela-Sierra is charged by indictment with two counts of violating 21 U.S.C. §959; specifically, conspiracy to distribute cocaine with knowledge of importation into the

United States, and distribution of cocaine with the same knowledge of importation. The indictment was returned on September 14, 2005.

In November of 2005, the United States government requested the arrest of Mr. Valenzuela-Sierra by the government of the Republic of Colombia. An arrest was made in December of 2005, and Mr. Valenzuela-Sierra was detained in Colombia pending extradition until September of 2005. As of the date of this pleading, Mr. Valenzuela-Sierra is held without bond pending trial at the Central Detention Facility of the District of Columbia's Department of Corrections.

Mr. Valenzuela-Sierra objects to the tolling of the Speedy Trial clock and declaration of complex case based upon the time period already elapsed wherein the government should have prepared the case for trial, and prepared all material relevant to discovery. We stand 13-months beyond the date of indictment and the defense has yet to receive any discovery in the matter. The government cannot shield its discovery obligations and responsibility to prosecute a speedy trial by proclaiming a complex case.

## Nature & Complexity of Case

The government's motion lists the following factual factors demanding a complex case classification:

1. "…long term international criminal cocaine trafficking investigation…"
2. "…cocaine trafficking activities originating in the North Coast of Colombia…"
3. "…multiple defendants and co-conspirators from Colombia."
4. "seizures of cocaine and 'go-fast' boats…"
5. "…thousands of legally authorized wiretapped telephone conversations…"

Government Motion, p.3. The government motion goes on to provides factual details behind the factors listed.

Next, the government motion identifies legal factors that call for a complex case declaration. These factors are:

1. "…extraterritorial application of United States law";
2. the investigation involved numerous law enforcement agencies;
3. the need for Colombian law enforcement to turn-over evidence;
4. the need for the Colombian government to review the material before release; and,
5. the evidence (documents, statements, etc.) will need to be translated.

The government correctly notes that this process will be time consuming. Moreover, the government notes that the defense will need to engage in the same receipt, review, analysis, translation, and conference with defendants. Yet, what is glaringly absent is why the government's side of this process was not accomplished in the 13-months prior.

### The Defense Bar & Extradition Cases

The federal districts of Washington, D.C., the Eastern and Southern Districts of New York, and the Southern District of Florida have had a great deal of experience with extradition cases such as Mr. Valenzuela-Sierra's. The experience has resulted in a familiarity with Colombian law enforcement procedures, and the disclosure of evidence by prosecutors here in the United States.

One aspect of the defense bar's experience is the impact of such cases on the speedy trial rights of an accused. Admittedly, the government motion appropriately touches on established legal principles of case complexity and speedy trial. Yet, as in other similar cases, the defense must wait, and more importantly, the defendant must sit incarcerated in a foreign land, subject to a foreign justice system, and without visits from family to sustain their person.

Certainly, the Court will inquire as to whether it is in the best interest of the client to oppose a "complex-case declaration," but the Court must understand that a Colombian citizen has been detained in his homeland and then flown into the United States to stand trial. This

individual's first exposure to this country's criminal justice system is that his right to a speedy trial will be delayed, and that evidence in his case is not ready. The defense, in the future, may not oppose such a request once evidence is presented and discovery released that, upon client consultation, would lead to a conclusion that additional trial preparation time is necessary or appropriate motions filed. However, the defense does not have this information at this time and, therefore, must oppose the government's request.

## Legal Authority

The defense does not dispute the legal authority behind the government motion. Yet, the government authority begs two questions: 1) what is a reasonable time to toll the speedy trial clock; and, 2) what evidence does the Court have that the discovery is complex?[1] Already the government is asking to exclude time while the remaining codefendants charged in the indictment arrive from Colombia. The government estimates that these defendants will arrive in two to three months. Will this two to three month period prove sufficient in light of discovery issues discussed in the government motion?

## What The Government Motion Fails To Identify

The Court is not provided with details of when the discovery, the essence of the complex case request, will be presented to the defendants. The Court, and at this time the defendants, do

---

[1] The government's own cited authority highlights the need to establish limits on such a request. The *Gambino* case states in relevant part:

> The length of an exclusion for complexity must be not only limited in time, but also reasonably related to the actual needs of the case. *See United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1198 (2d Cir.) ("indefinite delay" not tolerated), cert. denied, 493 U.S. 933, 110 S.Ct. 324, 107 L.Ed.2d 314 (1989); *United States v. LoFranco*, 818 F.2d 276, 277 (2d Cir.1987) (*per curiam*); *accord United States v. Clymer*, 25 F.3d 824, 828 (9th Cir.1994) (continuance under § 3161(h)(8)(A) may not be open-ended).

*United States v. Gambino,* 59 F.3d 353, 358 (2nd Cir. 1995).

4

not yet know when wiretap intercepts will be provided, when defendant or witness statements will be released, or when case documents will be released.

Additionally, the government fails to provide proper language in the order to identify and limit the exclusion. All that is stated in the proposed order is that "The interest of judicial economy and the public interest in having a unified trial with the co-defendant indicted in a single conspiracy case make the exclusion of time reasonable and appropriate." Government Motion, Proposed Order, ¶2.[2]

The government must provide the Court, and a detained Mr. Valenzuela-Sierra, greater detail as to what is being done to collect this information. *See United States v. Serna,* 630 F.Supp. 779 (S.D.N.Y. 1986). The *Serna* case detailed extensive government efforts to gather discovery; a sharp contrast to Mr. Valenzuela-Sierra's case.[3] All that the government has

---

[2] Again, the government's own authority notes the limited nature of such requests, specifically those brought under 18 U.S.C. §3161(h)(8)(A). The government motion cites *United States v. Clymer* which warns:

> We have recognized on numerous occasions that the "ends of justice" exclusion in § 3161(h)(8)(A) was "intended by Congress to be 'rarely used,' and that the provision is 'not a general exclusion for every delay.' " *United States v. Jordan*, 915 F.2d 563, 565 (9th Cir.1990) (citations omitted) (*quoting United States v. Nance*, 666 F.2d 353, 355 (9th Cir.), *cert. denied*, 456 U.S. 918 (1982); *United States v. Martin*, 742 F.2d 512, 514 (9th Cir.1984)). In *Jordan*, we made clear that a district court may grant an "ends of justice" continuance only if it satisfies two requirements: (1) the continuance is "specifically limited in time"; and **(2) it is "justified [on the record] with reference to the facts as of the time the delay is ordered."** *Id*. at 565-66; *accord United States v. Pollock*, 726 F.2d 1456, 1461 (9th Cir.1984).

*United States v. Clymer,* 25 F.3d 824, 828 (9th Cir. 1994)(Emphasis added).

[3] The following excerpt from the *Serna* opinion details the efforts made to secure discovery and thereby support a request for tolling of the Speedy Trial clock:

> The AUSA's affidavit reflects a continuing effort to obtain the relevant wiretap evidence which has been thwarted by bureaucratic "red tape." On July 19, 1985 the AUSA made a "Request for Judicial Assistance" (the "Request") to Spain, in the form of a request from the United States Judiciary to the Judiciary of Spain. The request was forwarded to the Office of International Affairs, translated, and sent to the Department of State, which

5

presented to this Court is that discovery has been merely requested and that it is complex for the reasons noted. Greater detail, such as the status of requests and anticipated production of discovery, is necessary given Mr. Valenzuela-Sierra's continued detention.

**WHEREFORE**, Mr. Valenzuela-Sierra opposes the request for exclusion from the speedy trial clock calculation, and opposes a complex-case declaration.

                                       Respectfully submitted,

                                       **RETURETA & WASSEM, P.L.L.C.**

                    **By:** _____/s/_____
                         Manuel J. Retureta, Esq.
                         District of Columbia Bar #430006
                         601 Pennsylvania Avenue, NW
                         South Building – Suite 900
                         Washington, D.C. 20004
                         (202) 220-3073
                         Defense Counsel for Jose Valenzuela-Sierra

---

    forwarded it to the United States Embassy in Spain for submission to the Spanish authorities on August 22, 1985.
    According to a telex from a Drug Enforcement Administration attache in Spain, annexed to the Kaplan affidavit, the Request was submitted to the Spanish Ministry of Justice on August 30, 1985 and was then transmitted to the Foreign Affairs Office. Since August the government has made repeated inquiries through the United States Embassy in Spain as to the status of the Request, the most recent occurring on January 23, 1986. In addition, the government has been informed by Roger Yochelson, an attorney with the Department of Justice Office of International Affairs, that the Spanish Authorities had given informal advice that the Request had been granted and the wiretap evidence would be promptly sent to the United States. Indeed, some as yet unexamined material was received from the Spanish authorities as this opinion was being prepared.
    In summary, the government has pursued this Spanish evidence through every available channel and appears to have received assurances that it is on the verge of obtaining recorded conversations. Under these circumstances the government is entitled to its continued Speedy Trial Act exclusion for a time period not to exceed the one-year statutory limitation.

*Serna,* 630 F.Supp. 779, 783-784 (S.D.N.Y. 1986). Normally, requests for evidence and assistance from Colombia is made through a Vienna Convention Mutual Legal Assistance Request (VCMLAR). The government motion does not indicate whether such a VCMLAR request has been made.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing pleading was transmitted to all parties via ECF electronic filing on this 31st day of October 2006.

_____
Manuel J. Retureta, Esq.
